**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

|  |  |
|---|---|
| **VALENCIA HARDISON,** | * |
| **Plaintiff,** | * |
| **v.** | *       **Case No.: PWG-15-3287** |
| **HEALTHCARE TRAINING** | * |
| **SOLUTIONS, LLC,** *et al.*, | * |
| **Defendants.** | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION AND ORDER

Valencia Hardison formerly worked for Healthcare Training Solutions, LLC ("Healthcare") and its chief executive officer and owner, Carlecia McBryde, but after she complained twice that she had not been paid her full wages, McBryde promptly terminated her employment.[1]  Compl. ¶¶ 4, 40, 45, ECF No. 1.  Hardison filed a five-count complaint in federal court, alleging failure to pay wages, in violation of Maryland statutory law; retaliatory termination, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–219; and wrongful discharge, in violation of Maryland public policy.  Compl. ¶¶ 51–78.  Defendants sought leave to file a motion to dismiss, specifically identifying defects they perceived in Hardison's FLSA claim, ECF No. 6, and I held a pre-motion conference call on December 15, 2016, ECF No. 8.  Plaintiff's counsel stated that they believed that they had stated a claim and

---

[1] For purposes of considering Defendants' Motion to Dismiss, ECF No. 9, this Court accepts the facts that Plaintiff alleged in her Complaint as true.  *See Aziz v. Alcolac*, 658 F.3d 388, 390 (4th Cir. 2011).

they did not need to amend, and I permitted Defendants to file the motion.  *See* Defs.' Mem. 8, ECF No. 9-1.

Defendants contend that Hardison's jurisdictional allegations are insufficient and that she fails to state a claim under the FLSA, and they move to dismiss the Complaint in its entirety, given that all other counts allege violations of state law.  ECF No. 9.[2]  In addition to the grounds previously identified, which are without merit, Defendants also argue that Hardison does not sufficiently allege (as required for an FLSA retaliation claim) that her complaints to Defendants alerted them that she was asserting FLSA rights.  Defs.' Mem. 11.  Because Hardison's Complaint is deficient in this regard, her FLSA claim is subject to dismissal.  Yet, given that Defendants did not raise this ground for dismissal in their pre-motion conference request, I will allow Hardison to cure this deficiency, if she has a good faith basis for doing so under Rule 11.

## Jurisdiction

Defendants first argue for dismissal on a technicality.  They correctly note that "[t]he complaint alleges that this Court has subject matter jurisdiction over this action because the action is brought within the statute of limitations for FLSA lawsuits," and then assert that "the mere fact that a case is brought within the statute of limitations does not in and of itself confer subject matter jurisdiction."  Defs.' Mem. 8 (citing Compl. ¶¶ 6–7).  It is true that Rule 8 requires "a short and plain statement of the grounds for the court's jurisdiction," Fed. R. Civ. P. 8(a)(1), which, for an FLSA claim, would be 28 U.S.C. § 1331, federal question jurisdiction.  But, while Hardison does not cite the proper statute, such that the Court's jurisdiction is not plainly articulated in the Complaint, she clearly brings an FLSA claim and references the FLSA in her

---

[2] The parties fully briefed the issue. ECF Nos. 9-1, 10, 11.  A hearing is not necessary.  *See* Loc. R. 105.6.

jurisdictional allegations.  Because this Court has jurisdiction over FLSA claims under 28 U.S.C. § 1331, it has jurisdiction over Plaintiff's Complaint.  *See* 28 U.S.C. §§ 1331, 1367.  To hold otherwise or dismiss on this technicality would be to exalt form over substance, contrary to Rule 1's requirement that this Court construe the federal rules of civil procedure "to secure the just, speedy, and inexpensive determination of every action and proceeding."  Fed. R. Civ. P. 1.

### Standard of Review – Rule 12(b)(6)

Hardison's FLSA claim is subject to dismissal if it "fail[s] to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and must state "a plausible claim for relief," *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  Rule 12(b)(6)'s purpose "'is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'"  *Velencia v. Drezhlo*, No. RDB-12-237, 2012 WL 6562764, at *4 (D. Md. Dec. 13, 2012) (quoting *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006)).

### Sufficiency of FLSA Retaliation Claim

It is "unlawful for any person . . . to discharge . . . any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to [the FLSA]."  29 U.S.C. § 215(a)(3).  To state a claim for retaliation under this provision of the FLSA, Hardison must allege that "(1) [s]he engaged in an activity protected by the FLSA; (2) [s]he suffered adverse action by the employer subsequent to or contemporaneous with such protected activity; and (3) a causal connection exists between the employee's activity and the

employer's adverse action." *Randolph v. ADT Sec. Servs., Inc.*, 701 F. Supp. 2d 740, 746 (D. Md. 2010) (quoting *Darveau v. Detecon, Inc.,* 515 F.3d 334, 340 (4th Cir. 2008) (citations omitted)); *see Whyte v. PP & G, Inc.*, No. WMN-13-2806, 2015 WL 3441955, at *6 (D. Md. May 26, 2015) (same).  Making a complaint is one form of protected activity.  *See Kasten v. Saint-Gobain Performance Plastics Corp.*, 563 U.S. 1, 7, 14 (2011) (concluding that "'an oral complaint of a violation of the Fair Labor Standards Act" is "protected conduct under the [Act's] anti-retaliation provision'" where it is "sufficiently clear and detailed for a reasonable employer to understand it, in light of both content and context, as an assertion of rights protected by the statute and a call for their protection" (citation omitted)).

Hardison's FLSA claim is straightforward.  In one pay period, she worked twenty-four hours and initially received only $425, even though her hourly wage was $21 per hour, such that she should have received $504.  Compl. ¶¶ 35–36.  She complained in writing on September 11, 2015, asserting that "she was paid incorrectly and that she did not understand how Ms. McBryde was paying her."  *Id.* ¶ 40.  Specifically, she complained that "she had only been paid four hundred and twenty five dollars ($425) for a pay period in which she worked twenty four (24) hours."  *Id.* ¶ 67.  She then received an additional payment of $47.50, for a total of $472.50.  *Id.* ¶ 41.  According to Hardison, even with the additional payment, "Defendants did not pay Ms. Hardison . . . for 1.5 hours of work performed."  *Id.* ¶ 44.  On September 16, 2015, Hardison "orally complained about not being paid," that is, she "complained about not being paid correctly," because "[b]ased on her rate of pay of twenty-one (21) dollars per hour, Ms. Hardison was not paid a minimum wage for 3.76 hours of work performed," and McBryde terminated her that day.  *Id.* ¶¶ 45, 68, 69 (emphasis added).  As Hardison sees it, her "complaints were . . .

protected activity under the FLSA," *id.* ¶ 70, such that her termination was a violation of 29 U.S.C. § 215(a)(3).[3]

Defendants' briefing with regard to why Hardison fails to state an FLSA retaliation claim is far from a model of clarity, but it appears to challenge Hardison's pleading of the first element of her § 215(a)(3) claim. *See* Defs.' Mem. 11–14. The essence of Defendants' argument is that Hardison fails to allege that her complaints to Defendants alerted them that she was asserting FLSA rights, as opposed to contractual rights unmoored to any statutory entitlement, and consequently her lodging of those complaints was not protected activity. *See id.* In Hardison's view, she "has pled sufficient factual allegations showing that she gave Defendants fair notice that her complaints concerned rights protected by the FLSA" by "alleg[ing] that she was not paid any wage, including a minimum wage, on September 11, 2015 for 3.76 hours of work," and in

---

[3] It appears that, in Hardison's view, the fact that she received $472.50 for twenty-four hours of work at $21 per hour means that she received her full wage for all but 1.5 hours. *See* Compl. ¶ 43 ("Defendant only paid Ms. Hardison for 22.5 hours of work."). More significantly, she also believes that she was not paid minimum wage the remaining for 1.5 hours of work, for which, as she sees it, she received no pay. *See id.* ¶ 44 ("Defendants did not pay Ms. Hardison . . . for 1.5 hours of work performed."). Certainly, an FLSA claim lies for failure to pay minimum wage, as an employer subject to the FLSA must pay wages of at least $7.25 per hour. 29 U.S.C. § 206(a)(1). But, "'[the] FLSA does not guarantee that employees are paid for every hour of work.'" *Enriquez v. Westminster Wholesale Nurseries, LLC*, No. CCB-12-3810, 2013 WL 4516784, at *2 (D. Md. Aug. 22, 2013) (quoting *Avery v. Chariots for Hire*, 748 F. Supp. 2d 492, 501 (D. Md. 2010) (citing *Blankenship v. Thurston Motor Lines*, 415 F.2d 1193 (4th Cir. 1969))). Rather, wages are sufficient if the "'average hourly wage,'" calculated by dividing "'the total wage paid to [an employee] during any given week ... by the total time he worked that week,'" is greater than $7.25 for each week of employment. *Id.* (quoting *United States v. Klinghoffer Bros. Realty Corp.*, 285 F.2d 487, 490 (2d Cir. 1960)); *see Forkwa v. Symbral Found. for Cmty. Servs.*, No. PWG-11-3513, 2013 WL 4760985, at *3 (D. Md. Sept. 3, 2013) (same).

Hardison initially received $425 for twenty-four hours of work, or an average wage of just over $17.70 per hour, and then after she complained and received $47.50 more, her average hourly wage came to just over $19.68 per hour. Both rates are well in excess of minimum wage. *See* 29 U.S.C. § 206(a)(1). Nonetheless, it is plausible that Hardison may have had a reasonable belief that she did not receive any pay for certain hours worked when she complained to her employer.

response, she complained in writing that "she was not paid correctly" and orally "about not being paid." Pl.'s Opp'n 5 (citing Compl. ¶¶ 35, 38, 40, 45).

The parties agree that *Kasten*, 563 U.S. at 14, provides the standard for what a complaint to an employer must assert to constitute protected activity for purposes of § 215. *See* Defs.' Mem. 11; Pl.'s Opp'n 4. The *Kasten* Court held that § 215 "requires fair notice," and therefore

> a complaint is "filed" when "a reasonable, objective person would have understood the employee" to have "*put the employer on notice that [the] employee is asserting statutory rights under the [Act]*." . . . To fall within the scope of the antiretaliation provision, a complaint must be sufficiently clear and detailed for a reasonable employer to understand it, in light of both content and context, as *an assertion of rights protected by the statute* and a call for their protection. This standard can be met, however, by oral complaints, as well as by written ones.

*Kasten*, 563 U.S. at 14 (emphases added); *see Minor v. Bostwick Labs., Inc.*, 669 F.3d 428, 439 (4th Cir. 2012) (quoting *Kasten*).

In *Minor*, the Fourth Circuit held that "intracompany complaints may constitute 'fil[ing] any complaint' under § 215(a)(3)," while cautioning that its "holding . . . does not mean that every instance of an employee 'letting off steam' to his employer constitutes protected activity." 669 F.3d at 439 (quoting *Kasten*, 563 U.S. at 14).

> To the contrary, "the statute requires fair notice" to employers. To protect employers from unnecessary uncertainty, "some degree of formality" is required for an employee complaint to constitute protected activity, "certainly to the point where the recipient has been given fair notice that a grievance has been lodged and does, or should, reasonably understand that matter as part of its business concerns." Therefore, the proper standard for the district court to apply is the aforementioned test articulated in *Kasten:* whether Minor's complaint to her employer was "sufficiently clear and detailed for a reasonable employer to understand it, in light of both content and context, as an assertion of rights protected by the statute and a call for their protection."

*Id.* (quoting *Kasten*, 563 U.S. at 14).

Defendants appear to argue that, when complaining to her employer, Hardison could have engaged in protected activity under two different scenarios, neither of which, in their view, she pleaded.   First, she could have referenced the FLSA by name in her complaints or explicitly claimed that Defendants failed to pay her *minimum* wages, as opposed to her contractual wages, and thereby put Defendants on notice that she was asserting FLSA rights.  Defs.' Mem. 11. Alternatively, she could have alleged in her Complaint in this Court that she was entitled to (but did not receive) minimum wages under the FLSA, to show that her complaints about wages would have put Defendants on notice that she sought relief specifically under the FLSA.  Defs.' Mem. 11–14; Defs.' Reply 7–10.[4]  Essentially, Defendants seek to impose § 206 minimum wage claim requirements on Hardison's § 215(a)(3) claim because her retaliation claim "is inextricably linked to an underlying claim that Hardison was not paid a minimum wage for at least some period of time."  *See* Defs.' Mem. 13.  Defendants do not cite any case law in support of their theory, beyond the general requirement that a complaint put an employer on notice that the employee seeks to assert FLSA rights and the rule that an employee does not necessarily assert

---

[4] In their opening brief, Defendants argued that

> The complaint nowhere alleges that Hardison was engaged in commerce, as "commerce" is defined in the FLSA. Nor does the complaint allege that Healthcare "has employees engaged in commerce or in the production of goods for commerce," much less that Healthcare "is an enterprise whose annual gross volume of sales made or business done is not less than $500,000.00 . . . ." In the absence of such allegations, the complaint does not fairly set forth a claim that Hardison was entitled to minimum wages.

Defs.' Mem. 14. Plaintiff counters that the retaliation provision is broader than the minimum wage requirements of § 206 and applies "to any employer regardless of its revenue and any employee regardless of their position of employment." Pl.'s Opp'n 6.  Instead of refuting this argument, Defendants insist that they "have never contended that only a worker entitled to a minimum wage under the FLSA is entitled to relief under § 215." Defs.' Reply 10.  Rather, they refine their argument to clarify that, *under the facts of this case*, they believe Hardison needed to allege that she was entitled to minimum wages.  *Id.* at 7–10.

FLSA rights by "letting off steam" to an employer.  *See* Defs.' Mem. 11 (quoting *Kasten*, 563 U.S. at 14; *Minor*, 669 F.3d at 439).

Hardison argues that "an employee does not have to be correct that the complained of conduct is unlawful, she only must show that she made a good faith assertion of her rights."  *See* Pl.'s Opp'n 4 (citing *Randolph v. ADT Sec. Servs., Inc.*, 701 F. Supp. 2d 740, 746 (D. Md. 2010)).  Defendants assert that Judge Chasanow's decision in *Randolph* is not binding on me. Defs.' Mem. 8 (citing *Nat'l Union Fire Ins. Co. v. Allfirst Bank*, 282 F. Supp. 2d 339, 351 (D. Md. 2003)).  Perhaps so, but "[o]pinions of other district judges are . . . 'persuasive authority entitled to substantial deference.'" *Nat'l Union Fire Ins. Co.*, 282 F. Supp. 2d at 351 (citation omitted).  Additionally, Defendants differentiate *Randolph*, noting that "[t]he issue in *Randolph* was whether a complaint to a state agency could constitute 'filing a complaint' under § 215, under [certain] circumstances. *Id.* at 9.  They argue that the *Randolph* plaintiffs complained about overtime pay, and "overtime pay is a matter regulated by the FLSA, so a complaint about overtime pay gave the defendant fair notice that the plaintiffs were asserting rights protected by the FLSA . . . ." *Id.* (quoting *Randolph*, 701 F. Supp. at 742).

Despite *Randolph* being factually dissimilar, it provides insightful guidance.   In *Randolph*, the plaintiffs "complained to the Maryland Department of Labor, Licensing and Regulation ("DLLR") that ADT was refusing to pay Plaintiffs compensation that Plaintiffs believed was owed to them, including overtime compensation Plaintiffs believed they were due because they worked more than forty hours per week." *Randolph v. ADT Sec. Servs., Inc.*, 701 F. Supp. 2d 740, 742 (D. Md. 2010).  ADT suspended and then terminated the plaintiffs, and they filed suit in this Court, claiming, *inter alia*, retaliation in violation of § 215(a)(3). *Id.* at 743. Defendants moved to dismiss on the basis that "Plaintiffs were excluded from coverage under §

215(a)(3) because, as commission-based employees, they were excluded from the Maryland Wage and Hour Law's coverage and so were not eligible to file a 'complaint.'"[5]  *Id.* at 744.  The Court disagreed, concluding that the plaintiffs "properly alleged that they engaged in an activity protected by the FLSA by filing a *good-faith complaint* with DLLR," reasoning that they "filed the complaint because they had the *reasonable belief* that they had been misclassified as commission-based employees and that they had been inadequately compensated for overtime work that they performed for Defendant."  *Id.* at 746 (emphases added).  Defendants have not identified any case law to the contrary.  Thus, an employee who is not eligible for protection under the FLSA's minimum wage or overtime provisions nonetheless may state a claim under the retaliation provision, provided that the employee files a good-faith complaint, based on a reasonable belief that she is entitled to minimum wage or overtime compensation, that puts the employer on notice that she is asserting rights under the FLSA.  *See id.*; *Kasten*, 563 U.S. at 14.

This does not mean that Hardison stated a claim simply because she complained to Defendants.  Rather, she must have had a good faith basis for her complaints, and the complaints must have put Defendants on notice that Plaintiff sought to assert an FLSA claim.  *See Kasten*, 563 U.S. at 14; *Randolph*, 701 F. Supp. 2d at 746.  Hardison concedes that she does not explicitly reference the FLSA.  *See* Pl.'s Opp'n 4.  Yet, it is unclear whether she asserted that Defendants failed to pay her minimum wages, an assertion that would invoke FLSA protection, or that they simply failed to pay her correctly, which only would be an assertion of contractual rights.  *Compare* Compl. ¶ 45 ("Ms. Hardison orally complained about *not being paid*[.]"), *with id.* ¶ 68 ("Ms. Hardison orally complained about *not being paid correctly*."); *see also id.* ¶ 44

---

[5] While the defendants in *Randolph* also argued that the plaintiffs' "complaint with DLLR did not constitute a 'complaint' under § 215(a)(3)," it is not relevant to the issues before me "whether a complaint made only to a state agency satisfies the complaint clause of § 215(a)(3)." *See Randolph*, 701 F. Supp. 2d at 745.

("Defendants *did not pay* Ms. Hardison . . . for 1.5 hours of work performed."); *id.* ¶ 69 ("Ms. Hardison *was not paid a minimum wage* for 3.76 hours of work performed.") (emphases added). It also is unclear whether she reasonably believed that she was entitled to minimum wages when she complained to Defendants.  As such, her Complaint is subject to dismissal.  But, given that Defendants did not raise the issue of notice in their pre-motion conference request and Plaintiff has not had the opportunity to amend to address this deficiency (assuming she has a good faith basis for doing so), I will afford Plaintiff the opportunity now.

Defendants' final contention is that Hardison "does not allege that she was an 'employee' for FLSA purposes, as opposed to an independent contractor."  Defs.' Mem. 15.  Hardison alleges that she is a "former employee of Defendants" who "worked as a teacher and co-teacher for Defendants."  Compl. ¶¶ 13, 17.  At this stage, that is sufficient, although just barely.  *See Astorga v. Castlewood Consulting, LLC*, No. GJH-14-4006, 2015 WL 2345519, at *3 (D. Md. May 14, 2015) ("While the parties here clearly dispute whether Plaintiff was as an independent contractor or an employee, for the purpose of analyzing the sufficiency of Defendants' counterclaim on a motion to dismiss, the Court must accept as true Defendants' allegation that Plaintiff was an independent contractor. Assuming the truth of this fact, Defendants have adequately alleged that Plaintiff breached [his independent contractor agreement] by. The Court will therefore deny Plaintiff's motion to dismiss Defendants' counterclaim.").  *Contra Tall v. Md. Dev. Disabilities Admin.*, No. ELH-15-3811, 2016 WL 3459854, at *7 (D. Md. June 24, 2016) ("[I]t is evident that plaintiff's Complaint fails to allege adequately that plaintiff was defendant's employee. Plaintiff's Complaint is a mere two pages, and one of those pages includes only the relief plaintiff seeks and the statutory basis for his suit. On the second page, plaintiff twice asserts that he held 'a sub-contracted' position as the Client's caregiver. *He never*

*asserts that he was employed by the defendant*. Rather, he points to defendant's general obligation to "disabled persons," describes the Client's developmental disability, reviews his rate of pay, and asserts that he was denied wages while he was defendant's 'sub-contracted employee.'" (emphasis added)). Whether Hardison indeed was an employer or independent contractor is a fact-intensive matter to be resolved after discovery. *See Astorga*, 2015 WL 2345519, at *3–4 (citing *Schultz v. Capital Int'l Sec., Inc.,* 466 F.3d 298, 305 (4th Cir. 2006)).

In sum, while Hardison's Complaint is subject to dismissal for failure to make adequate allegations that her intracompany complaints alerted Defendants that she was asserting FLSA rights or that she had a reasonable basis for believing that Defendants violated her FLSA rights, Hardison will have the opportunity to address these deficiencies, which she did not have the opportunity to remedy previously. Should she file an amended complaint, she must comply with Local Rule 103.6(c) and file a copy of the amended complaint "in which stricken material has been lined through or enclosed in brackets and new material has been underlined or set forth in bold-faced type." Loc. R. 103.6(c).

## **ORDER**

Accordingly, it is, this 17th day of August, 2016, hereby ORDERED that

1. Defendants' Motion to Dismiss, ECF No. 9, IS GRANTED, without prejudice to Hardison filing an amended complaint for the narrow purpose of addressing the deficiencies identified in this Memorandum Opinion and Order, should she have a good faith basis for doing so under Rule 11;

2. Hardison's amended complaint, if she wishes to file one, IS DUE on or before September 8, 2016;

3.  If Hardison files an amended complaint, Defendants' answer IS DUE within fourteen days after the amended complaint is filed;

4.  If Hardison does not file an amended complaint on or before September 8, 2016, I will dismiss this case.

_____/S/_____

Paul W. Grimm

United States District Judge

lyb